**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04638-NYW

RUVIMBO CHIDOVI,

Petitioner,

v.

GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, in his official capacity,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
JUAN BALTAZAR, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (the "Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 5]. Petitioner has filed a reply. [Doc. 6]. For the reasons set forth in this Order, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Ruvimbo Chidovi ("Petitioner" or "Ms. Chidovi") is a citizen of Zimbabwe who has been present in the United States since June 20, 2024. [Doc. 1 at ¶ 3]. She was detained on August 20, 2026 "by ICE agents" at the Denver International Airport. [*Id.* at ¶ 43]. She has not been provided with an individualized bond hearing and is currently detained at the Denver Detention Facility in Aurora, Colorado. [*Id* at ¶¶ 13, 15, 41].

Ms. Chidovi asserts three claims for relief: (1) violation of the INA; (2) violation of

the Immigration and Nationality Act § 235(b), 8 U.S.C. § 1225(b); and (3) violation of the Immigration and Nationality Act § 236(a), 8 U.S.C. § 1226(a). [*Id.* at ¶¶ 46–74]. She asks the Court to order Respondents to immediately release her, or, in the alternative, order Respondents to provide her an individualized bond hearing, as required by 8 U.S.C. § 1226(a). [*Id.* at 19]. She also seeks a declaration that her "detention is unlawful", an injunction preventing Respondents from "re-detaining her until there is a final order of removal", and "attorney's fees and costs under the Equal Access to Justice Act." [*Id.* at 20].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Ms. Chidovi argues that she is detained pursuant to 8 U.S.C. § 1226(a), such that she is entitled to a bond hearing. *See* [Doc. 1 at ¶ 13]. Respondents do not dispute this position and agree that, if the Petition is granted, the "appropriate relief" would be a bond hearing under § 1226(a). *See* [Doc. 5 at 2]. The Court construes this as a concession that Petitioner is detained under § 1226(a). *See Contreras Posada v. Mullin*, No. 26-cv-03765-NYW, 2026 WL 2654041, at *1 (D. Colo. Sept. 9, 2026) ("By not substantively responding to the Petition and arguing that 'appropriate relief' would be a bond hearing under 8 U.S.C. § 1226(a), . . . Respondents effectively concede that Petitioner is currently detained under § 1226(a)."); *Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims.").

Section 1226(a) "sets forth 'the default rule' for detaining noncitizens 'already present in the United States,'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)), and establishes a discretionary framework for the detention of noncitizens pending removal proceedings, *see* 8 U.S.C. § 1226(a)(1)–(2). Recently, the Tenth Circuit held that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). By all accounts, Petitioner was most recently detained while she was in the interior

of the United States, *see* [Doc. 1 at ¶¶ 4, 41–43], so her detention is governed by § 1226(a), *Santillan Quiroz*, 180 F.4th at 1237.

Pursuant to *Santillan Quiroz*, Petitioner's detention without a bond hearing violates the INA. *See Santillan Quiroz*, 180 F.4th at 1237; *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025). And the Court "concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights." *Onate-Brinez v. Baltazar*, No. 26-cv-02768-NYW, 2026 WL 2085090, at *3 (D. Colo. July 20, 2026).

The Petition is therefore **GRANTED** as to the petitioner's third claim. Respondents are **ORDERED** to provide Petitioner a constitutionally adequate bond hearing no later than **October 15, 2026.** At the bond hearing, the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence.[1] If Respondents do not

---

[1] Petitioner argues that the appropriate relief is a bond hearing at which the Government bears the burden of "proving dangerousness and flight risk" by clear and convincing evidence. [Doc. 1 at 19]. Respondents do not address Petitioner's request. [Doc. 5]. Following the weight of authority in this District, the Court has previously required the Government to bear the burden of proof at a § 1226(a) bond hearing. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026); *cf. Contreras Posada*, 2026 WL 2654041, at *2–3 (this Court recently concluding, after applying the factors set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that procedural due process requires placing the burden on the Government at the petitioner's § 1226(a) hearing); *see also, e.g.*, *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (collecting cases).

provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

In addition, on or before **October 22, 2026,** the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

Having granted Petitioner her requested relief, the Court need not reach Petitioner's other claims.[2]

**CONCLUSION**

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. 1] is **GRANTED**;

(2) Respondents shall provide Petitioner a constitutionally adequate bond hearing no later than **October 15, 2026. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.** If Respondents do not provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

(3) On or before **October 22, 2026,** the Parties shall file a joint status report

[2] Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act. [Doc. 1 at 21]; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). But this District's Local Rules require that those requests be made by separate motion. *See* D.C.Colo.LCivR 54.3. A fee award is thus inappropriate at this juncture.

concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: October 8, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge